**UNITED STATES, Appellee,**

v.

**William O. HARRISON 542 44 2286 Captain (0–6) Medical Corps U.S. Navy, Appellant.**

**NMCM 86 4526 M**

U.S. Navy-Marine Corps Court of Military Review.

12 Feb. 1987.

LT ERNESTO G. AMPARO, JAGC, USNR, Appellate Defense Counsel.

LCDR THOMAS B. REEVE, JAGC, USN, Detailed Defense Counsel.

LCDR PATRICIA ZENGEL, JAGC, USN, Individual Military Counsel.

Capt THOMAS D. MILLER, USMC, Appellate Government Counsel.

SCOTT R. BARNETT, Esquire, Civilian Defense Counsel.

Before GORMLEY, C.J., and RILEY and GRANT, JJ.

PER CURIAM:

This is a government appeal requesting this Court to reverse the military judge's grant of a defense pretrial motion to dismiss Specification 7 (formerly Specification 17) of the Charge. The military judge granted the defense motion to dismiss the specification on the grounds that it was improperly referred to a general court-martial since the staff judge advocate's pretrial

advice failed to conclude that the specification in question stated an offense as required by Article 34(a) of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 834(a). The Government's appeal was timely filed in accordance with Article 62 of the UCMJ, 10 U.S.C. § 862, and Rule for Courts-Martial (R.C.M.) 908, Manual for Courts-Martial, United States, 1984 (MCM).

Article 34 of the UCMJ states in pertinent part that

[t]he convening authority may not refer a specification under a charge to a general court-martial for trial unless he has been advised in writing by the staff judge advocate that—

(1) the specification alleges an offense under this chapter;

(2) the specification is warranted by the evidence indicated in the report of investigation under [Article 32] . . .; and

(3) a court-martial would have jurisdiction over the accused and the offense.

In the Article 34 pretrial advice now in controversy, the staff judge advocate advised the convening authority as follows:

The specifications of the charges alleged in the charge sheets dated 23 July and 11 October 1984 are legally sufficient to state offenses under the Uniform Code of Military Justice and the evidence is legally sufficient, subject to certain exceptions, to warrant referral of these offenses for trial by general court-martial. . . . It is arguable whether, as a matter of law, [Specification 17] states an offense. The determination of this issue should be left for trial. . . . To provide for the possibility that Specification 17 does not state an offense, specifications . . . have been added on the additional charge sheet dated 24 January 1985.

In his pretrial motion, the appellant urged that referral of the specification in question pursuant to the above advice was contrary to the mandates of Article 34(a)(1), which, as iterated above, preclude the convening authority from referring a specification to a general court-martial unless he has been advised in writing that the specification alleges an offense. Upon receiving evidence and considering the arguments of counsel, the military judge granted the motion and ruled:

The court finds that the Article 34 advice by the SJA for COMNAVBASE, although generally concluding that all charges are legally sufficient to state offenses, and that the evidence is legally sufficient, later specifically qualifies this conclusion as to Specification 7 of the Charge (then Specification 17). It is clear from the Article 34 advice that the SJA had doubts as to the legal sufficiency of that specification.

Before this Court, the Government urges, first, that the staff judge advocate's pretrial advice was not defective as to Specification 7 of the Charge and, secondly, that even if defective, the proper remedy for a defective pretrial advice is not to dismiss the affected specification but to order a new pretrial advice. The defense contends that it has never maintained that the pretrial advice was defective, but, rather, that the referral of the specification in question was improper because the staff judge advocate did not affirmatively conclude that it alleged an offense. The defense further asserts that the military judge's interpretation of the staff judge advocate's words describing the legal sufficiency of the specification is a finding of fact that cannot be disturbed by this Court absent a clear abuse of discretion. *United States v. Yingling*, 20 M.J. 593 (N.M.C.M.R.1985). Furthermore, the defense maintains that dismissal of the specification improperly referred was the appropriate remedy and that ordering a new pretrial advice where the legal conclusion of the staff judge advocate does not support referral would undermine the exercise of independent professional judgment by the staff judge advocate.

In arriving at an appropriate disposition of this government appeal, we look to R.C.M. 406(b), which delineates what the contents of the staff judge advocate's pretrial advice shall include:

The advice of the staff judge advocate shall include a written and signed statement which sets forth that person's:

(1) *Conclusion* with respect to whether each specification alleges an offense under the code;

(2) *Conclusion* with respect to whether the allegation of each offense is warranted by the evidence indicated in the report of investigation ...;

(3) *Conclusion* with respect to whether a court-martial would have jurisdiction over the accused and the offense; and

(4) Recommendation of the action to be taken by the convening authority. (Emphasis added). Upon considering the requirements of R.C.M. 406 and the arguments of counsel, we find that we agree with the defense that where the legal *conclusions* of the staff judge advocate do not support referral, he should not be ordered to formulate a new pretrial advice in order to force him to change his legal conclusions to support referral. Such action would emasculate the purpose of the 1983 amendment to Article 34—to ensure that the written legal determinations regarding the legality of the specification, the sufficiency of the evidence, and court-martial jurisdiction are made by the staff judge advocate. Military Justice Act of 1983, Sen.Rep. No. 98–53, 98th Congress, 1st Session 16. We agree with the defense, as well, that the factual finding of the military judge, that "the SJA had doubts as to the legal sufficiency of [the] specification," should not be disturbed. We disagree, however, that the above admonition against returning a pretrial advice to the staff judge advocate applies to the facts of the instant case. We are dealing here not with an SJA conclusion that the specification is insufficient, but, rather, with advice that is equivocal and reaches *no conclusion* with respect to the legal sufficiency of the specification. Thus, while the ruling that the referral was improper was correct, because the specification was referred to a general court-martial without the requisite advice that the specification alleged an offense, the remedy was inappropriate because the staff judge advocate's indecisiveness regarding the legal sufficiency of the specification rendered his Article 34 advice incomplete and defective. "Information which is incorrect or so incomplete as to be misleading may result in a determination that the advice is defective, necessitating appropriate relief." R.C.M. 406(b), Discussion, MCM, Part II at 44 (1984). When the staff judge advocate stated that the "determination of this issue [whether, as a matter of law, the specification stated an offense] should be left for trial," he abdicated his responsibility under R.C.M. 406 to render a "[c]onclusion with respect to whether each specification alleges an offense under the code." The pretrial advice was incomplete and defective. The appropriate remedy was to offer a continuance in order to give the Government the opportunity to correct the defect, if it so desired, by resubmitting the specification to the staff judge advocate in order to enable him to come to a conclusion whether the specification alleges an offense or not. *See* R.C.M. 906(b)(3).

Accordingly, the ruling of the military judge dismissing Specification 7 of the Charge because of improper referral is reversed. The record of trial is returned to the convening authority so that he may (a) submit the pretrial investigation to the staff judge advocate to enable him to complete the Article 34 pretrial advice by coming to a conclusion on the legal sufficiency of Specification 7 of the Charge, or (b) properly dismiss the specification.